### BROWN v. CAROLINA MIDLAND RY. CO.

PLEADINGS—DISCRETION.—THE AMENDMENT permitted here was in discretion of trial Judge, as it did not by its terms, as plaintiff "may be advised," allow such amendment as to state another or a different cause of action, but only such allegations as are material to make complete the defectively stated cause of action. *Cuthbert* v. *Brown,* 49 S. C., 513, *distinguished from this.*

Before TOWNSEND, J., Barnwell, November, 1899. Affirmed.

Action for damages by fire by Jennie Brown against Carolina Midland Railway Co. From order granting plaintiff leave to amend, defendant appeals.

*Messrs. Robert Aldrich* and *Izlar Bros.,* for appellant, cite: 49 S. C., 513.

*Messrs. R. C. Holman, Jas. E. Davis, F. J. Devereux* and *J. O. Patterson,* contra.

Aug. 21, 1900.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  Defendant appeals from an order allowing plaintiff to amend her complaint "as she may be advised," granted after trial begun.  Omitting formal parts, the complaint was as follows: "3. That on or about the night of the 10th of January, A. D. 1899, the plaintiff was the owner of valuable buildings known as the Brown Cotton and Manufacturing Co., with a complete corn mill outfit; a complete cylindrical cotton press outfit, together with cotton ginnery, consisting of four 70-saw Winship cotton gins, feeders, condensers, fans, pulleys, shaftings, conveyors, &c., complete; also, fifteen bales of cotton, 500 bushels of corn, 2,000 bushels of cotton seed, several thousand tin cans and cases used for canning fruits and vegetables, two engines, boilers, shaftings and pulleys complete, in the aggregate value of $10,000.  4. That on the night of the 10th and the early morning of the 11th (about 1 o'clock a. m.) of January, A. D. 1899, as hereinbefore alleged, the defendant corporation, whose depot was situated near their line of road, to wit: the usual distance (and the alleged plaintiff's buildings being situated a like distance therefrom), allowed fire to remain in or so near said depot building that the same caught or took fire, and communicated same to plaintiff's buildings, as hereinbefore alleged.  5. That among other things, it was the duty of the defendant corporation to retain a night watchman at and around said depot (at night), to prevent just such conflagrations as herein complained of, which they failed (negligently) so to do.  6. That said fire would not have occurred, but for defendant's carelessness and negligence in allowing same to remain in their stove or heater in said depot, and other fire to remain near or about said depot; and the plaintiff further charges that said defendant allowed a box car to stand between their depot and plaintiff's building in a dangerous condition, to

wit: a hot box being thereto attached, all of which facts were well known, or should have been known, to said defendant, and by reason of the aforesaid facts the defendant has damaged the plaintiff $10,000."

Upon the trial, the Court sustained an objection by defendant to evidence to show that there was any destruction of property whatever, there being no allegation in the complaint that the buildings were destroyed, and no allegation that the contents of the building were either destroyed or injured. Thereupon plaintiff's counsel asked to be allowed to amend, so as to allege what was destroyed and what was injured. The Court then granted an order withdrawing the case from the jury, continuing it, and allowing plaintiff to amend her complaint "as she may be advised." The order complained of was within the discretion of the Court. Sec. 194 of the Code provides: "The Court may before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding * * * by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Allowing plaintiff to amend "as she may be advised," would not authorize an amendment so as to state a wholly different or new cause of action than that attempted to be set up in the complaint, but would permit all "other allegations material" to the case defectively stated in the complaint. The complaint alleged that the fire was communicated to plaintiff's buildings, containing machinery, &c., and this fire referred to as a "conflagration." We do not see well how such a fire could be otherwise than injurious in some degree to buildings, at least. We think it was in furtherance of justice to permit the amendment. This case differs widely from the case of *Cuthbert* v. *Brown*, 49 S. C., 573, wherein the Court held it error, after trial gone into, to allow an amendment to an answer "by converting admissions in the verified answer into denials of facts thus admitted, and in addition thereto, to insert allegations of an agreement be-

tween the parties at the time of the making of the contract, the breach of which constituted the plaintiff's cause of action, of which agreement there was no allegation or even hint in the original answer." Such an amendment substantially changed the defense. In the present case, the amendment contemplated was not to change substantially the cause of action, but was for the purpose of curing a defective statement of a cause of action attempted to be set up.

The judgment of the Circuit Court is affirmed.